UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRE DOMINIC GILLIAM,<br>Petitioner,<br>v.<br>RONALD OLIVER,<br>Respondent. | Case No. 2:25-cv-02040-ART-BNW<br><br>ORDER DENYING MOTION TO DISMISS<br>[ECF No. 22] |

This counseled habeas matter comes before the Court on Respondent's motion to dismiss Petitioner Andre Dominic Gilliam's First-Amended Petition. (ECF No. 22.) Gilliam opposed the motion, and Respondent replied. (ECF Nos. 23, 24.) For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

Gilliam pleaded guilty to robbery and was sentenced to 72-to-180 months in prison. (ECF No. 14-19.) His Judgment of Conviction was entered on April 13, 2023. (*Id.*) Gilliam did not file a direct appeal; instead, he filed his state habeas petition on March 27, 2024. (ECF No. 21-8.) The state court denied the petition on October 11, 2024. (ECF No. 14-29.) Gilliam appealed, and the Nevada Court of Appeals affirmed on September 3, 2025. (ECF No. 21-49.) Remittitur issued on September 24, 2025. (ECF No. 21-53.)

Gilliam commenced this federal habeas action on October 13, 2025. (ECF No. 1-1 at 1.) The Court appointed counsel to represent Gilliam, and counsel filed Gilliam's First-Amended Petition on May 14, 2026. (ECF Nos. 5, 9, 14.) In his First-Amended Petition, Gilliam raises the following grounds for relief: (1) his trial counsel failed to investigate the photo lineup inconsistencies, (2) his trial counsel failed to appear and/or prepare him for sentencing, and (3) the effect of these cumulative errors prejudiced him. (ECF No. 13.)

## II. DISCUSSION

Respondent argues that (1) Gilliam's First-Amended Petition is unexhausted and procedurally defaulted and (2) ground 3 is not cognizable. (ECF No. 22.) The Court will address these arguments in turn.

### A. Exhaustion and Procedural Default

Gilliam argues that grounds 1, 2, and 3 are either (1) exhausted but procedurally defaulted due to being dismissed as untimely by the state court or (2) technically exhausted but procedurally defaulted due to having no way to overcome the bars under state law if he were to return to state court. (ECF No. 23 at 7.) Gilliam then argues that he can overcome the procedural defaults of grounds 1, 2, and 3 under *Martinez*. (*Id.* at 7–8.)

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). To show prejudice, a petitioner must show not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). To demonstrate

prejudice under *Martinez*, the petitioner must show that the defaulted claim of ineffective assistance of trial counsel is a "substantial" claim, meaning it has "some merit." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019).

Because Gilliam did not have state habeas counsel, the Court finds that he has demonstrated cause under *Martinez*. However, because the analysis of prejudice under *Martinez* is necessarily intertwined with the merits of the claims, the Court defers consideration of whether Gilliam can overcome the procedural defaults of grounds 1, 2, and 3 until the filing an answer and reply in this matter.

### C. Cognizable Claims

When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, a claim is not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Respondent argues that ground 3, which raises a cumulative-ineffective-assistance-of-counsel claim, is not cognizable. (ECF No. 22 at 10.) This Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Ground 3 is cognizable.

## III. CONCLUSION

It is therefore ordered that the Motion to Dismiss (ECF No. 22) is denied. Respondent must file his answer to the First-Amended Petition within 60 days. The remainder of the Scheduling Order (ECF No. 9) remains in effect.

DATED THIS 18th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE